UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RANKA ZEKO, INDIVIDUALLY AND
ON BEHALF OF HER MINOR
CHILDREN, KRISTA ZEKO, IVANA
ZEKO, AND IVAN ZEKO

CIVIL ACTION

VERSUS

NO. 14-528-JJB-RLB

THE ESTATE OF VERNON SCALES,
ET AL

## RULING ON MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on a Motion (Doc. 18) for Summary Judgment brought by Plaintiff, Ranka Zeko, individually and on behalf of her minor children, Krista Zeko, Ivana Zeko, and Ivan Zeko. Defendants, The Estate of Vernon Scales, Design Transportation Services, Inc., and Lexington Insurance Company, have filed an opposition (Doc. 24), and Plaintiff has filed a reply brief (Doc. 25). Oral argument is unnecessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1332. For the reasons stated herein, the Plaintiff's Motion (Doc. 18) for Summary Judgment is **DENIED**.

### I.     Background

The summary judgment evidence establishes that on July 9, 2014, Vernon Scales ("Scales") and Miroslav Zeko ("Zeko") were involved in a head-on collision on I-10 in Acadia Parish, Louisiana. Scales, driving an 18-wheeler for Design Transportation Services, was traveling westbound on I-10 when he left his lane, crossed the median, and traveled into the eastbound lane into the path of the Volvo Tractor Trailer driven by Zeko. The accident killed both parties. The cause of the accident however remains in dispute.

1

The defendants rely on depositions of Hayley Line ("Line"), an eyewitness who was driving behind Scales at the time he left the roadway, and Louisiana State Trooper Joseph Miller ("Trooper Miller"), the investigating officer at the scene. According to Line's deposition, Scales was traveling with "no problems" in the left westbound lane. *Line Depo*, Doc. 24-1, 15. Line claims that Scales' truck slowly began to drift to the left, enter the median, and cross into the eastbound travel lanes. *Id.* Line also testified that the truck continued with no brake application or evasive maneuver directly into the path of Zeko. *Id.* at 15-16. In his deposition, Trooper Miller also confirmed that Scales' truck drifted through the median and showed no evidence of evasive maneuvers or attempts to avoid the collision. *Miller Depo*, Doc. 24-3, 23-24. Trooper Miller also stated that there were no skid marks or tire marks on the roadway. *Id.* at 28-29.

In turn, plaintiff relies on the deposition of Dr. Terry Welke. Dr. Welke performed an autopsy on Scales' body and according to his testimony determined that there was no evidence to suggest that Scales suffered a loss of consciousness prior to the accident. *Welke Depo*, Doc. 18-6, 39. However, Dr. Welke also testified that there was no evidence to suggest that Scales was conscious before the collision, and therefore could not state one way or another whether Scales was conscious or unconscious immediately prior to the collision. *Welke Depo*, Doc. 24-2, 49-50.

Plaintiff filed suit for wrongful death and survival damages in state court. The defendants removed this action to the Middle District of Louisiana based on diversity jurisdiction. After removal, defendants answered and asserted the affirmative defense that Scales experienced a "sudden unforeseeable loss of consciousness" and therefore under Louisiana law, he was not negligent. Plaintiff now brings the present motion arguing that she is entitled to summary judgment because defendants will not be able to prove its sudden loss of consciousness defense by clear and convincing evidence.

## II.     Summary Judgment Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. Rule Civ. P. 56(a).  The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  When the burden at trial rests on the non-moving party, the moving party need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Id*.

A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. Rule Civ. P. 56(c)(1).  At the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 249, 248-49 (1986).  If, once the non-moving party has been given the opportunity to raise a genuine fact issue, no reasonable juror could find for the non-moving party, summary judgment will be granted for the moving party. *Celotex*, 477 U.S. at 322-23.

## III.    Discussion

The party asserting the affirmative defense of "sudden loss of consciousness" to a negligence claim must prove the facts giving rise to the defense by clear and convincing evidence. *Brannon v. Shelter Mut. Ins. Co*., 507 So. 2d 194, 197 (La. 1987).  " 'Clear and convincing evidence' is an intermediate standard of persuasion[;] it requires more than a preponderance of the evidence, but less than proof beyond a reasonable doubt." *Id*.  However,

for purpose of summary judgment, the court may not weigh the evidence but instead must determine if there are genuine issues of material fact pertaining to the parties claim or defense.[1]

In *Meisner v. Allstate Insurance Company*, No. 10-1837, 2012 WL 1231014 (E.D. La. Apr. 12, 2012) (unpublished), the court held that there was a genuine issue of material fact as to whether defendant suddenly and unforeseeably lost consciousness prior to an accident, and therefore the court denied plaintiff's motion for summary judgment. The plaintiff in *Meisner* relied on the fact that the driver ("Cialona") was the only witness, did not remember what happened, and has since died, and thus argued that defendants could not overcome Cialona's presumption of fault. *Id*. at 2. Defendants' however, relied on the police report and medical records that implied Cialona did suffer a suddenly and unforeseeable loss of consciousness. *Id*. at 3. The police report showed that after the driver hit the plaintiff's car she "continued to drive", and that "due to a medical emergency, possibly a stroke, the driver did not remember that she was in an accident." *Id.* at 1. Also, the driver's medical records indicate that she was admitted to a hospital the same day because of a stroke. *Id*. The police report and Cialona's medical records taken together were sufficient to create a genuine issue of material fact as to whether the driver suffered a loss of consciousness due to a stroke. *Id*. at 3. Accordingly, the court held that the defendants had met the burden necessary to defeat a motion for summary judgment.[2]

---

[1] Plaintiff cites to three cases where the court held that the proffered evidence did not meet the clear and convincing standard. *Brannon*, 507 So. 2d 194; *Fuller v. State Farm Mut. Auto. Ins. Co.*, 697 So. 2d 722 (La. App. 2 Cir. 1997), *rev'd*; *Abadie v. City of Westwego*, 646 So. 2d 1229 (La. App. 5 Cir. 1994), *rev'd*. However, these cases analyzed the clear and convincing standard when deciding the merits of the case and not on whether there was a genuine issue of material fact.

[2] The court noted that "[a]lthough none of the evidence defendants submitted addresses the issue of whether any potential loss of consciousness was unforeseen, and at trial defendants will have a high burden of proof, defendants have set out specific facts showing that a genuine issue exists, and therefore they have met the burden necessary to overcome a motion for summary judgment." *Meisner*, 2012 WL 1231014, at *3.

Like in *Meisner*, the evidence in this case demonstrates factual discrepancies regarding Scales' state of consciousness before the accident. For example, eyewitness testimony and the police report imply that Scales did suffer a sudden loss of consciousness because no skid marks were found at the scene, and he did not brake or make any evasive maneuvers to avoid the collision. *Line Depo*, Doc. 24-1, 15-16; *Miller Depo*, Doc. 24-3, 23-24, 28-29. Additionally, the medical evidence in the present case is contradictory in itself. When questioned by the plaintiff, Dr. Welke testified that he could not find any evidence that Scales suffered a loss of consciousness before the accident. *Welke Depo*, Doc. 18-6, 39. However, when questioned by the defendants, Dr. Welke testified that he could not state one way or another whether Scales was conscious before the collision. *Welke Depo*, Doc. 24-2, 49-50. The police report, eyewitness testimony, and Dr. Welke's deposition all call into question whether Scales experienced a sudden, unforeseeable loss of consciousness. Therefore, defendants have presented sufficient evidence to raise a genuine issue of material fact, and like in *Meisner*, defendants have met the burden necessary to overcome a motion for summary judgment.[3]

Furthermore, defendants argue that discovery has not yet been completed, and in accordance with the scheduling order, expert reports are not due until September 30, 2015. Further discovery may shed light on some of the material facts in question. Thus, the court finds that it is premature to grant a motion for summary judgment.

## IV.    Conclusion

For the reasons stated herein, the Plaintiff's Motion (Doc.18) for Summary Judgment is **DENIED**.

---

[3] In *Meisner*, the defendants met their burden on summary judgment by producing strong medical evidence implying that the driver at issue was unconscious at the time of the accident. *Meisner*, 2012 WL 1231014, at *3. Although the medical evidence presented in this case is inconclusive, when considered in the light most favorable to the defendants as the non-moving party, and when taken together with the other evidence, it is sufficient to establish a genuine issue of material fact.

Signed in Baton Rouge, Louisiana, on September 28, 2015.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**