UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

RANKA ZEKO, INDIVIDUALLY AND
ON BEHALF OF HER MINOR
CHILDREN, KRISTA ZEKO, IVANA
ZEKO, AND IVAN ZEKO

VERSUS

THE ESTATE OF VERNON SCALES,
ET AL.

CIVIL ACTION

NO. 14-528-JJB-RLB

## RULING

This matter is before the Court on a Motion for Summary Judgment (Doc. 33) and a Motion in Limine (Doc. 34) brought by the plaintiff, Ranka Zeko, individually and on behalf of her minor children, Krista Zeko, Ivana Zeko, and Ivan Zeko. The defendants, the Estate of Vernon Scales, Design Transportation Services, Inc., and Lexington Insurance Company, filed an opposition (Doc. 37) and the plaintiff filed a reply brief (Doc. 44). Oral argument is unnecessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1332. For the reasons stated herein, the plaintiff's Motion for Summary Judgment (Doc. 33) and Motion in Limine (Doc. 34) are **DENIED**.

### I. BACKGROUND

The summary judgment evidence establishes that on July 9, 2014, Vernon Scales ("Scales") and Miroslav Zeko ("Zeko") were involved in a head-on collision on I-10 in Acadia Parish, Louisiana. Scales, driving an 18-wheeler for Design Transportation Services, was traveling westbound on I-10 when he left his lane, crossed the median, and traveled into the eastbound lane into the path of the Volvo Tractor Trailer driven by Zeko. The accident killed both parties. The cause of the accident however remains in dispute.

1

The defendants rely on depositions of Hayley Linn ("Linn"),[1] an eyewitness who was driving behind Scales at the time he left the roadway, and Louisiana State Trooper Joseph Miller ("Trooper Miller"), the investigating officer at the scene. According to Linn's deposition, Scales was traveling with "no problems" in the left westbound lane. *Linn Dep.* 15, Doc. 24-1. Linn claims that Scales' truck slowly began to drift to the left, enter the median, and cross into the eastbound travel lanes. *Id*. Linn also testified that the truck continued with no brake application or evasive maneuver directly into the path of Zeko. *Id.* at 15–16. In his deposition, Trooper Miller also confirmed that Scales' truck drifted through the median and showed no evidence of evasive maneuvers or attempts to avoid the collision. *Miller Dep.* 23–24, Doc. 24-3. Trooper Miller also stated that there were no skid marks or tire marks on the roadway. *Id.* at 28–29.

In turn, plaintiff relies on the deposition of Dr. Terry Welke ("Dr Welke"). Dr. Welke performed an autopsy on Scales' body and testified that there was no evidence to suggest Scales suffered a loss of consciousness prior to the accident. *Welke Dep.* 39, Doc. 18-6. However, Dr. Welke also testified that there was no evidence to suggest Scales was conscious before the collision, and therefore could not determine whether Scales was conscious or unconscious immediately prior to the collision. *Id.* at 49–50. Additionally, Dr. Welke testified that the autopsy revealed no evidence that Scales had a heart attack prior to the accident. *Id.* at 31:22–24, 37–38.

The defendants also cite to the deposition of a pathologist, Dr. James Traylor, Jr. ("Dr. Traylor"), who they retained as an expert. Among other things, Dr. Traylor reviewed the police report, Dr. Welke's deposition, the autopsy report, and Scales' medical history. *Traylor Dep.* 4–5, Doc. 37-2. After reviewing the above-mentioned materials, Dr. Traylor concluded that more likely than not Scales experienced a cardiovascular event rendering him unconscious prior

---

[1] In a previous ruling, the Court mistakenly referred to Hayley Linn as "Hayley Line." *See Ruling*, Doc. 30.

to the accident. *See id.* at 27. This was based on Scales' medical history of obesity, hypertension, and a heart enlarged to twice the normal size. *Id.* at 20–21. Additionally, Dr. Traylor disagreed with Dr. Welke's testimony that there was no evidence of a heart attack prior to the accident. *Id.* at 6–7. According to Dr. Traylor, that conclusion requires an examination of microscopic tissue from the heart, and there is no indication that such an examination occurred. *Id.* at 24, 36.

Plaintiff filed suit for wrongful death and survival damages in state court. The defendants removed this action to the Middle District of Louisiana based on diversity jurisdiction. After removal, defendants answered and asserted the affirmative defense that Scales experienced a "sudden unforeseeable loss of consciousness," and therefore under Louisiana law he was not negligent. This Court previously denied a motion for summary judgment brought by the plaintiff. *Ruling*, Doc. 30. Plaintiff now brings the present motion arguing that she is entitled to summary judgment and exclusion of the affirmative defense because defendants will not be able to prove its sudden loss of consciousness defense by clear and convincing evidence.

## II.    MOTION FOR SUMMARY JUDGMENT (DOC. 33)

On September 28, 2015, this Court denied the plaintiff's previous Motion for Summary Judgment (Doc. 18) because "[t]he police report, eyewitness testimony, and Dr. Welke's deposition all call into question whether Scales experienced a sudden, unforeseeable loss of consciousness. Therefore, defendants have presented sufficient evidence to raise a genuine issue of material fact[.]" *Ruling* 5, Doc. 30. This Court also noted that expert discovery was not yet complete, and "further discovery may shed light on some of the material facts in question." *Id.* Expert discovery has since concluded, and the plaintiff again moves for summary judgment.[2]

---

[2] The plaintiff acknowledges this Court's previous denial of summary judgment in a footnote, but asserts that the ruling was based primarily on a factually distinguishable case. *Pl.'s Supp. Mem.* 12 n.17, Doc. 33-2 (discussing *Meisner v. Allstate Ins. Co.*, Civil Action No. 10-1837, 2012 WL 1231014 (E.D. La. Apr. 12, 2012)). According to

3

The plaintiff's current motion and the original motion are almost verbatim, with the exception of pages 10–12 of the current motion, which focus primarily on the only new evidence presented since this Court's original Ruling—testimony of the defendant's expert, Dr. Traylor.[3] *Compare Pl.'s Supp. Mem.*, Doc. 33-2, *with Pl.'s Supp. Mem.*, Doc. 18-2. The plaintiff argues that Dr. Traylor's deposition testimony demonstrates that the defendants cannot meet their burden of proof because Dr. Traylor testified that if Scales' medical history is disregarded, then "there's no way for [Dr. Traylor] to tell" if Scales had a heart attack or cardiac event that caused or contributed to the accident.[4] *Traylor Dep.* 37:5–10, Doc. 33-7.

The plaintiff's entire argument for summary judgment is based on the conclusion that the defendants cannot meet their burden of proof at trial. *Pl.'s Reply* 3, Doc. 44. According to the

---

the plaintiff, *Meisner* is factually distinguishable because the defendant in *Meisner* was admitted to the hospital on the day of the accident due to a stroke, whereas here, the autopsy report "does not point to a heart attack" and Dr. Traylor's testimony is based solely on Scales' medical history. *Id.* The *Meisner* court, however, did not rely solely on the medical evidence implying that the defendant was unconscious at the time of the accident. *Meisner*, 2012 WL 1231014, at *3. Instead, the court relied on both medical records *and* a police report. *Id.* (holding that "[t]aken together, the *[police] report* and medical records are sufficient to create an issue of material fact as to whether [the defendant] lost consciousness while driving due to a stroke" (emphasis added)). Therefore, the holding in *Meisner* is not as narrow as the plaintiff contends.

      Here, the evidence presented is sufficiently similar to *Meisner* to warrant the same result. Both eyewitness testimony and a police report indicate that Scales took no evasive maneuvers prior to impact. Additionally, there is contradictory medical testimony as to whether Scales was unconscious prior to the accident. *See Welke Dep.*, Doc. 18-6; *Traylor Dep.*, Doc. 37-2. Although this Court previously acknowledged that the medical evidence presented in *Meisner* was more probative than the medical evidence provided in the instant matter, the other evidence presented, both in the original motion and the instant motion, remains sufficient to create a genuine issue of material fact. *See Ruling* 5 n.3, Doc. 30 (citing *Meisner*, 2012 WL 1231014, at *3). Thus, both the reasoning and holding in *Meisner* are applicable to the case at hand.

[3] The plaintiff also focuses on the importance of Dr. Welke's opinion, as the coroner, that Scales' cause of death was multiple injuries from the accident, including a transection (i.e. the body being torn into two separate sections). *Pl.'s Supp. Mem.* 9–11, Doc. 33-2 (citing *Welke Dep.* 29–30, 40, Doc. 18-6). Dr. Welke's determination as to Scales' cause of death is not, however, dispositive on the defense of sudden unconsciousness because Scales could have both been unconscious prior to the accident and died from a transection; the two are not mutually exclusive.

[4] The plaintiff also cites to Dr. Traylor's statement that it is possible that Scales fell asleep prior to the accident. *Pl.'s Supp. Mem.* 12, Doc. 33-2 (citing *Traylor Dep.* 31, Doc. 33-7). The Court notes that although Dr. Traylor does state that it is a possibility that Scales fell asleep, the deposition attached to the plaintiff's brief does not include the entirety of Dr. Traylor's answer, nor does it provide the question that he was responding to. *See Traylor Dep.*, Doc. 33-7 (excluding page 30 from the attached document). Such information may be required to understand the context of Dr. Traylor's testimony. Additionally, the eyewitness testified that she believed the highway contained rumble strips—i.e. "bumps on the side of the highway that start to make noise when you're going off the road." *Linn Dep.* 14, Doc. 24-1. Despite Dr. Traylor's statements, there is still a genuine issue concerning whether Scales was conscious, unconscious, or asleep prior to the accident.

plaintiff, "[w]ith discovery complete, the evidence available defeats any sudden unconsciousness defense" because the defendants cannot prove unconsciousness by clear and convincing evidence. *Pl.'s Supp. Mem.* 12, Doc. 33-2; *see Pl.'s Reply*, Doc. 44. Clear and convincing evidence—the defendants' burden at trial—however, is an issue reserved for the trier of fact. *Chatelain v. State Dep't of Transp. & Devl.*, 586 So. 2d 1373, 1378 (La. 1991).[5]

At summary judgment, the standard utilized by the court is whether the facts presented demonstrate a genuine issue of material fact. Fed. R. Civ. P. 56. This Court has previously held that the evidence presented in the original motion for summary judgment (the police report, eyewitness testimony, and the coroner's report) was sufficient, on its own, to create a genuine issue on the defense of sudden unconsciousness. *Ruling* 5, Doc. 30. When viewed in its entirety and in the light most favorable to the defendants, the added testimony of Dr. Traylor demonstrates more of a dispute as to the material facts, not less. Specifically, Dr. Traylor testified that more likely than not Scales had a cardiac event, capable of rendering him unconscious, prior to the accident. Thus, Dr. Traylor and Dr. Welke disagree on whether there is evidence that Scales was unconscious prior to the accident. Contrary to the plaintiff's contention, it is improper for the court to weigh the credibility of Dr. Traylor and Dr. Welke at this time. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986); *see Pl.'s Reply* 1–3, Doc. 44 (arguing that there is a lack of credible evidence to support the defense of unconsciousness). The dispute as to Scales' consciousness prior

---

[5] The plaintiff cites to one Louisiana case which suggests that the clear and convincing evidence standard applies in this summary judgment context. *Pl.'s Supp. Mem.* 6, Doc. 33-2 (discussing *Hardison v. Encompass Ins.*, No. 2008 CA 0271, 2008 WL 4763490 (La. Ct. App. Oct. 31, 2008)). The *Hardison* court reversed the judgment of the trial court granting summary judgment in favor of the defendant on the issue of sudden unconsciousness. 2008 WL 4763490, at *3 (stating that, as the moving party, "it was [the defendant's] burden to prove that there is no genuine issue of material fact as to whether the evidence establishes by clear and convincing evidence that [the driver] suffered sudden unforeseeable unconsciousness prior to the accident"). In this case, even if the Court were to apply the standard as presented in *Hardison*, the plaintiff—as the moving party—did not present sufficient evidence to meet the high burden of proof on the motion.

5

to the accident, when coupled with the eyewitness testimony and the police report, creates a genuine issue of material fact. The plaintiff's motion for summary judgment is therefore **DENIED**.

### III.   MOTION IN LIMINE (DOC. 34)

The plaintiff also filed a motion in limine "to exclude the defendant from asserting the affirmative defense of 'sudden loss of consciousness' or any affirmative defense asserting that Vernon Scales was unconscious or experienced a heart attack prior to the accident herein." *Pl.'s Supp. Mem.* 1, Doc. 34-2. According to the plaintiff, such defense "would be inflammatory, misleading, and not based on admissible or reliable evidence." *Id.* at 1–2. At no point does the plaintiff provide any law or arguments in support of this conclusory statement. *See id.* Other than the introduction and conclusion, the plaintiff's brief in the motion in limine is pulled verbatim from the plaintiff's brief supporting the motion for summary judgment. *Compare Pl.'s Supp. Mem.*, Doc. 34-2, *with Pl.'s Supp. Mem.*, Doc. 33-2. Therefore, it appears the plaintiff argues that the defense should be excluded because the defendants cannot prove it by clear and convincing evidence. According to the defendants, the plaintiff's motion in limine argues that the defense is insufficient as a matter of law. *Def.'s Opp'n* 6, Doc. 37. The Court agrees with the defendants and construes the plaintiff's motion as such.

Under Federal Rule of Civil Procedure 12(f), "[t]he Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike or dismiss a defense under Rule 12(f) are generally disfavored by the courts, but are proper when the defense is insufficient as a matter of law. *LeBlanc v. Severan Trent Servs., Inc.*, Civil Action No. 05-3703, 2007 WL 689547, *2 (E.D. La. Mar. 2, 2007) (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982)). In *LeBlanc*, the plaintiffs alleged that there were no facts or evidence in the record to support the affirmative

defense at issue. *Id.* Because the defendants "present[ed] facts and evidence which they believe support their argument" the Court denied the plaintiffs' motion to strike, stating that "this Court cannot say that as a matter of law, the affirmative defenses are insufficient." *Id.*

Similar to the plaintiffs in *LeBlanc*, the plaintiffs in this case argue that the facts and evidence presented by the defendants are insufficient to support the affirmative defense of sudden unconsciousness. As previously discussed, the defendants have presented evidence sufficient to create a genuine issue concerning Scales' state of consciousness at the time of the accident, and therefore, this Court cannot say that the affirmative defense is insufficient as a matter of law. The plaintiff's motion in limine is therefore **DENIED**.

### IV.   CONCLUSION

For the reasons stated above, the plaintiff's Motion for Summary Judgment (Doc. 33) and Motion in Limine (Doc. 34) are **DENIED.**

Signed in Baton Rouge, Louisiana, on March 14, 2016.

	**JUDGE JAMES J. BRADY**
	**UNITED STATES DISTRICT COURT**
	**MIDDLE DISTRICT OF LOUISIANA**